MOISE, Justice.
This is an appeal from a judgment of the trial court, in a concursus proceeding, which maintained a plea of prescription, referred to the merits, filed 'by the defendant, La Prairie Maronne Companie.
We have read the excellent reasons of the trial judge and approve them in full. They read:
“This is a concursus proceeding instituted on March 9, 1954, by Gulf Refining Company for the purpose of determining the ownership of one-eighth of the oil, gas and other minerals produced from the following described property, to-wit:
“East Half of the Southeast Quarter of the Southwest Quarter (Ei/¿ of SEJ4 of SWj4) of Section Twenty-one (21), Township Nine (9) South, Range Eleven (11) West, containing Twenty (20) acres, more or less, situated in Calcasieu Parish, Louisiana.
“By deed dated October 30, 1915, Samuel S. Hunter sold to La Prairie Maronne Companie the above-described tract of land for a consideration of $12,500.00, paid in capital stock of the vendee, which deed also contains the following stipulation:
“ ‘And as a further consideration hereof, La Prairie Maronne Companie agrees and binds itself to deliver to the vendor herein, his heirs or assigns, one-eighth (}4) of all oil or other mineral substances produced from said tract of land herein conveyed, free of all charges and expenses, at the wells or mines where produced.’
“ ‘And the parties hereto hereby declare that this instrument is executed on the date hereinabove written to stand in lieu of a certain act of sale in the same words and figures, and between the same parties, executed in the month of February, 1908, and filed for record and recorded in the conveyance records of the parish of Calcasieu Louisiana, shortly thereafter, and which said act of sale was de *1005 stroyed by fire at the time of the burning of the Court House of the said parish of Calcasieu, in the month of April, 1910.’
“All of the rights which Samuel S. Hunter had or may have had in and to said property, or to the oil or other mineral substances produced therefrom, have become vested in The Hunter Company, Inc.
“On September 21, 1953, La Prairie Maronne Companie leased this tract of land to C. C. Gilger for the development of oil, gas and other minerals, which lease provides that in the event of oil production the royalties to be paid by lessee are one-sixth of the oil produced and saved from the land and not used in treating said oil to make it marketable. The lessee assigned interests in this lease to various parties, and thereafter a well was drilled by C. C. Gilger and his assignees and production of oil was obtained from this 20-acre tract of land during the month of October, 1953. Gulf Refining Company has purchased the oil from this well.
“No drilling operations were conducted on this tract of land for a period in excess of. ten years after October 30, 1915, and no production of oil, gas or other minerals was obtained from said property until the above-described well was completed sometime during the month of October, 1953.
“A dispute has arisen between The Hunter Company, Inc., and La Prairie Maronne Companie as to the ownership of one-eighth of the oil produced from this property, and it is because of that dispute that Gulf Refining Company instituted this concursus proceeding. The petitioner has deposited into the Registry of the Court the net value of one-eighth of the oil produced from said property from October, 1953, until the end of February, 1954, or a few days before the petition was filed.
“Petitioner named as defendants in this proceeding The Hunter Company, Inc., La Prairie Maronne Companie and C. C. Gilger and his assignees. The Hunter Company, Inc., filed an answer demanding that it be recognized as the owner of one-eighth of the oil, gas and other minerals which have been or may be produced from this property. La Prairie Maronne Companie filed a plea of prescription of ten years, liberandi causa, a plea of estoppel and an answer, praying that the demands of The Hunter Company, Inc., be rejected and that La Prairie Maronne Companie be recognized as the owner of' the interest now. in dispute. C. C. Gilger and his as *1007 signees filed a plea of prescription of ten years, liberandi causa, a plea of estoppel and an answer, praying that the demands of The Hunter Company, Inc., be rejected and that C. C. Gilger and his assignees be recognized as the sole owners of the lease and of five-sixths of the entire fund deposited by petitioner in the Registry of the Court. Gulf Refining Company filed a plea of estoppel demanding a judgment decreeing that The Hunter Company, Inc., is not entitled to assert a claim to five-sixths of the amount deposited in the Registry of the Court, and that C. C. Gilger and his assignees be recognized as the owners of five-sixths of said fund.
“Prior to the time the case was scheduled for trial, and on joint motion of all parties, judgment was rendered recognizing C. C. Gilger and his assigns as owners of a five-sixths leasehold working interest in the property, directing the Clerk to pay unto the said defendants five-sixths of the funds deposited in the Registry of the Court, and dismissing this suit as to the said C. C. Gilger and his assigns.
“The plea of prescription and the plea of estoppel filed by La Prairie Maronne Companie and the plea of estoppel filed by Gulf Refining Company were referred to the merits, and the case came up regularly for trial. It is before the Court at this time for decision on its merits.
“The sole question to be determined by the Court is whether or not, under the circumstances presented here, The Hunter Company, Inc., is entitled to one-eighth of the oil production from the 20-acre tract of land.
“The Hunter Company, Inc., contends that the provisions contained in the deed dated October 30, 1915, relating to oil or other mineral substances produced from said tract of land constitutes an agreement on the part of the vendee (La Prairie Maronne Companie) that it will deliver to the vendor (Samuel S. Hunter) one-eighth of the oil which might be produced from said land, conditioned upon the happening of a future event, namely, the discovery and production of oil, and that this agreement was entered into as an additional consideration for the deed. It contends that in view of the nature of the contract prescription did not begin to run against this right until the happening of the subsequent event, the discovery and production, of oil, which occurred during the month of October, 1953. As authority for this argument counsel for The Hunter Company, Inc., rely largely upon the provisions of Articles 2021, 2037, 2038 and 2043 of the [LSA] Revised Civil Code re *1009 lating to conditional obligations Article 3544 relating to prescription of personal actions, and the case of Rudnick v. Union Producing Company, 209 La. 943, 25 So.2d 906.
“The case of Rudnick v. Union Producing Company, supra,' involved an oil, gas and mineral lease dated July 6, 1926, which contained the following provision:
“ ‘ * * % as additional consideration, lessee agrees that if any well drilled on the above described property makes or produces not less than fifty (50) and not over one hundred (100) barrels of oil per day, to pay to lessor four thousand dollars ($4,-000.00); If any well drilled on said property makes or produces over one hundred (100) barrels and not over two hundred fifty (250) barrels of oil per day, to pay to lessor ten thousand dollars ($10,000.00); if any well drilled on said property makes or produces over two hundred fifty (250) barrels of oil per day, to pay lessors twenty thousand dollars ($20,000.00) ; to be more explicit whichever of the above sized well(s) should come in first, -that special size well shall set the money consideration to be paid * * sM
“A small well was completed on this lease in 1927, which kept the lease in force. On July 22, 1938, more than 12 years after the date of the original contract, a second well was completed which produced more than 50 and less than 100 barrels per day. Despite the pleas of prescription of three years filed by defendants, the Supreme Court held that plaintiffs were entitled to the additional consideration of $4,000.00 under the above-quoted provisions of the lease. The following language was used by the Court:
“ ‘ * * * The “additional consideration” provided in the lease is in the nature of a promise to pay a definite amount on the happening of one of the contingencies listed and falls within the ten year prescription under article 3544 of the [LSA] Revised Civil Code. The right accrued in 1938. This suit was filed in 1942 and the ten year prescriptive period has not accrued.’
“Counsel for The Hunter Company, Inc., argue that the interest claimed by that company in this suit is identical in principle with the interest which was at issue in the Rudnick case. In view of the ruling in that case, they contend that the prescription of ten years, liberandi causa, provided in Article 3544 of the [LSA] Civil Code, is applicable, but that the prescriptive period did not begin to run against the rights owned by The *1011 Hunter Company, Inc., until production of oil was obtained in October, 1953, and thus such rights have not been lost by prescription.
“Counsel for La Prairie Maronne Companie, on the other hand argue that the interest acquired by Samuel S. Hunter by virtue of the deed dated October 30', 1915, constitutes either a royalty interest or a mineral interest in and to the above-described property. They further contend that since no drilling operations were conducted within ten years after the date of that deed and no production of oil or other mineral substances was obtained until the year 1953, any right which Samuel S. Hunter or his assigns may have acquired by virtue of the above-quoted provision in that deed has been extinguished by prescription of ten years, liberandi causa.
“The deed which was at issue in the case of Vincent v. Bullock, 192 La. 1, 187 So. 35, contained the following provision:
“ Tt is however, understood and agreed that the vendors herein reserve unto themselves and their heirs and assigns, in perpetuity, a one-sixteenth (%3th) royalty of all the oil, gas and other minerals produced and saved from said premises; said royalty to be delivered to the vendors or assigns, free of cost of production and 'a royalty of twenty-five cents per ton for all salt and sulphur mined and marketed off said premises. This royalty reservation forms part of the purchase price.’
“The Supreme Court interpreted the interest so reserved in that deed as a species of real right subject to the prescription of ten years, liberandi causa, and it held that the prescriptive period began to run on the date the deed was executed. The Court used the following language:
“ ‘The reservation in controversy here, as shown hereinabove, is a real obligation in favor of the plaintiffs, their heirs or assigns, and in our opinion is a species of real right subject to the prescription of ten years, liberandi causa, within the meaning and contemplation of the Revised Civil Code articles above referred to.
❖ * H* * * *
“ ‘In the instant case the obligation created in favor of plaintiffs, that is, to receive 34eth of all of the oil, gas, or other minerals and 250 per ton on all salt and sulphur mined, was conditioned upon the production of oil, gas or other minerals. True the contract did not designate a time within which the event must happen, nevertheless that time is limited by law and “the condition is considered as broken, when the time [10 years] has expired *1013 without the event having taken place.” (Brackets ours.)’
“It appears to this Court that the interest reserved or acquired by Samuel S. Hunter under or by virtue of the provisions of the deed which he executed in favor of La Prairie Maronne Companie on October 30, 1915, is the same type of interest or right which was considered by the Court in the case of Vincent v. Bullock, supra. Hunter unquestionably reserved or acquired a royalty interest, and in view of the language used by the Court in the case of Vincent v. Bullock, it follows that the interest is subject to prescription of ten years, liberandi causa, as provided in Articles 3528, 3529, 3549, 3544 and 3546 of the [LSA] Revised Civil .Code, and that the ten-year prescriptive period began to run on the day the interest was so reserved or acquired rather than at the time production was obtained.
“The type or royalty interest involved in this case and in the case of Vincent v. Bullock is distinguishable from the obligation considered in the case of Rudnick v. Union Producing Company, supra. In the Rudnick case thg agreement on the part of the lessee to make an additional cash payment on the happening of a future event constituted a part of the consideration due by the lessee for the rights which it enjoyed under that particular oil and gas lease. The Court held, in effect, that since this obligation constituted a part of the consideration due under the lease, the obligation continued as long as the lease remained in force, and that prescription of ten years under the provisions of [LSA] R. C. C. Article 3544 did not begin to run until the future event occurred or the right accrued. The royalty interest considered in the case of Vincent v. Bullock, supra, did not constitute a part of the consideration due by the lessee under a specific lease. The Court determined that it was ‘a real obligation which passed with the property into the hands of the present owner,’ and that the ten-year prescriptive period as to that type of interest began to run at the time the right was reserved or acquired.
“Since the interest reserved or acquired by Samuel S. Hunter in 1915 is the same type of interest which was considered in the case of Vincent v. Bullock, the rules applied in that case must govern and determine the issues presented here.
“In the written brief submitted by counsel for The Hunter Company, Inc., the following statement is made: ‘The Hunter Company, Inc., concedes that if Samuel S. Hunter reserved a royalty or mineral interest only in his *1015 deed to La Prairie Maronne Companie, such reservation has prescribed and that it has no standing in Court.’ In view of that statement this Court assumes that the other grounds alleged in the answer of The Hunter Company, Inc., as a basis for its demands have been abandoned.
“This Court concludes, therefore, that the interest or right now in controversy constituted a royalty interest subject to the prescription of ten years, liberandi causa, that this prescriptive period began to run on October 30, 1915, that prescription was not interrupted or suspended, and that such interest or right has become extinguished by prescription.
“For the reasons herein assigned, judgment will be rendered in favor of Gulf Refining Company and La Prairie Maronne Companie and against The Hunter Company, Inc., rejecting the demands of said The Hunter Company, Inc., maintaining the exception or plea of prescription filed by La Prairie Maronne Companie, decreeing that the interest or right reserved or acquired by Samuel S. Hunter under or by virtue of the above-described deed dated October 30, 1915, has been extinguished by prescription, recognizing La Prairie Maronne Companie as owner of the interest now in dispute, directing the Clerk of Court to pay unto La Prairie Maronne Companie all of the funds deposited by petitioner in the Registry of the Court, after first deducting and paying from said funds all costs incurred herein, and condemning The Hunter Company, Inc., to pay unto La Prairie Maronne Companie the amount so deducted as costs of this proceeding.”
For the reasons above quoted the judgment of the trial court is affirmed.
HAMITER, J., concurs in the decree.